IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRUSTEES OF THE TEXAS PIPE TRADES HEALTH BENEFIT FUND; TRUSTEES OF THE PLUMBERS & PIPEFITTERS NATIONAL PENSION FUND; TRUSTEES OF THE INTERNATIONAL TRAINING FUND; TRUSTEES OF THE U.A. PLUMBERS AND STEAMFITTERS DEFINED CONTRIBUTION AND 401(k) PLAN OF TEXAS; AND TRUSTEES OF THE PLUMBERS AND PIPEFITTERS LOCAL UNION 404 JATC,<br><br>　　　　Plaintiffs<br><br>VS.<br><br>C & E MECHANICAL, LLC,<br><br>　　　　Defendant | CIVIL ACTION NUMBER   3:21-cv-875 |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

The Trustees of the Texas Pipe Trades Health Benefit Fund, the Trustees of the Plumbers & Pipefitters National Pension Fund, the Trustees of the International Training Fund, the Trustees of the U.A. Plumbers and Steamfitters Defined Contribution and 401(k) Plan of Texas, and the Trustees of the Plumbers and Pipefitters Local Union 404 JATC, hereinafter referred to collectively as "Plaintiffs" or "Trust Funds," complain of and against C & E Mechanical, LLC, hereinafter referred to as Defendant, and for cause of action would respectfully show unto the Court as follows:

**NATURE OF THE ACTION**

1.　This is a cause of action for the collection of certain principal sums, interest, and fees, by Trustees of employee benefit plans to secure performance by an employer for specific

1

statutory and contractual obligations to submit contribution reports and to pay delinquent employer contribution payments, interest, and fees thereon. This Complaint alleges that by failing, refusing, or neglecting to submit contribution reports and to pay delinquent employer contributions and interest thereon to the Plaintiffs' Trust Funds, Defendant violated a Collective Bargaining Agreement, the Trust Funds' Participation and Trust Agreements, and the Employee Retirement Income Security Act of 1974, as amended. Plaintiffs also request a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 to require Defendant to submit delinquent employer contribution reports and to pay delinquent employer contributions to the Trust Funds in order to prevent irreparable harm to the Trust Funds and Defendant's employees, as well as their beneficiaries and dependents, under the terms of a Collective Bargaining Agreement as contemplated by Section 301 (29 U.S.C. Section 185) of the Labor Management Relations Act (29 U.S.C. Section 141, *et seq*.), hereinafter called the "LMRA."

## JURISDICTION

2.     Jurisdiction lies in this Court by the express terms of Section 301(a), LMRA as against an employer engaged in an industry affecting commerce and under Sections 502 and 515 of the Employee Retirement Income Security Act (ERISA) [29 U.S.C. Sections 1132 and 1145], as amended, and by the Multiemployer Pension Plan Amendments Act of 1980, 94 Stat. 1208, [29 U.S.C. Sections 1132, 1145 and 1451]. Jurisdiction is further conferred upon this Court pursuant to 28 U.S.C. Section 1331 based upon a federal question. Jurisdiction is further conferred on this Court under 28 U.S.C. Section 1337 based upon civil actions arising under Act of Congress regulating commerce. Defendant has availed itself upon the jurisdiction of this Court by working and doing business within the jurisdiction of Plaintiffs' Collective Bargaining Agreement with Defendant.

## VENUE

3. Venue properly lies within the Northern District of Texas, Dallas Division, pursuant to Section 502(e)(2) of ERISA, [29 U.S.C. Section 1132(e)(2)]. Service of process may be made on Defendant in any other district in which it may be found pursuant to ERISA Section 502(e)(2), [29 U.S.C. Section 1132(e)(2)].

## PARTIES

4. **Plaintiff, Trustees of the Texas Pipe Trades Health Benefit Fund** ("Health Benefit Fund"), is the Administrator of an employee welfare benefit plan and employee benefit plan within the meaning of Sections 3(1) and (3) of ERISA [29 U.S.C. Sections 1002(1) and (3)] and is a multiemployer plan within the meaning of Sections 3(37) and 515 of ERISA [29 U.S.C. Sections 1002(37) and 1145]. The Board of Trustees of the Health Benefit Fund is authorized to maintain suit as an independent legal entity under ERISA Section 502(d)(1) [29 U.S.C. Section 1132(d) (1)]. The purpose of the Health Benefit Fund is to provide health and welfare benefits to eligible participants and their dependents on whose behalf employers contribute pursuant to the provisions of its Agreement and Declaration of Trust. The Health Benefit Fund maintains its office and is administered at Southwest Service Administrators, Inc. 2425 N. Central Expressway, Suite 120, Richardson, Texas 75080.

5. **Plaintiff, Trustees of the Plumbers & Pipefitters National Pension Fund** ("National Pension Fund") is the Administrator of an employee pension benefit plan and employee benefit plan within the meaning of Sections 3(2) and (3) of ERISA [29 U.S.C. Sections 1002(2) and (3)]. The National Pension Fund is a multiemployer plan within the meaning of Sections 3(37) and 515 of ERISA [29 U.S.C. Sections 1002(37) and 1145]. The Board of Trustees of the National Pension Fund is authorized to maintain suit as an independent legal entity under ERISA Section

502(d)(1) [29 U.S.C. Section 1132(d)(1)]. The purpose of the National Pension Fund is to provide pension benefits to eligible participants on whose behalf employers contribute pursuant to the provisions of its Restated Agreement and Declaration of Trust. The National Pension Fund maintains its office and is administered at 103 Oronoco Street, Alexandria, Virginia 22314-2015.

6. **Plaintiff, Trustees of the International Training Fund**, ("Training Fund") is the Administrator of a multiemployer employee benefit plan and employee welfare plan within the meaning of Sections 3(1) and 3(37) of ERISA [29 U.S.C. Sections 1002(1) and 1002(37)]. The Board of Trustees of the Training Fund is authorized to maintain suit as an independent legal entity under ERISA Section 502(d)(1) [29 U.S.C. Section 1132(d)(1)]. The Training Fund was established by the United Association of Journeymen and Apprentices of the U.S. and Canada, AFL-CIO and employers in an industry affecting commerce, whose employees are represented by that Union, for the purpose of providing training benefits to employees. The Training Fund maintains its office and is administered at 103 Oronoco Street, Alexandria, Virginia 22314.

7. **Plaintiff, Trustees of the U.A. Plumbers and Steamfitters Defined Contribution and 401(k) Plan of Texas**, ("DC Plan") is the Administrator of a multiemployer employee pension benefit plan and employee benefit plan within the meaning of Sections 3(2) and (3) and (37), and 515 of ERISA [29 U.S.C. Sections 1002(2), (3) and (37), and 1145]. The Board of Trustees of the DC Plan is authorized to maintain suit as an independent legal entity under ERISA Section 502(d)(1) [29 U.S.C. Section 1132(d)(1)]. The purpose of the DC Plan is to provide defined contribution benefits to eligible participants on whose behalf employers contribute pursuant to the Collective Bargaining Agreements with its affiliated local union. The DC Plan maintains its office and is administered at Southwest Service Administrators, Inc. 2425 N. Central Expressway, Suite 120, Richardson, Texas 75080.

8. **Plaintiff, Trustees of the Plumbers and Pipefitters Local Union 404 JATC**, ("JATC"), is the Administrator of a multiemployer employee benefit plan and employee welfare plan within the meaning of Sections 3(1) and 3(37) of ERISA [29 U.S.C. Sections 1002(1) and 1002(37)]. The Board of Trustees of the JATC is authorized to maintain suit as an independent legal entity under ERISA Section 502(d)(1) [29 U.S.C. Section 1132(d)(1)]. The JATC was established by Plumbers and Pipefitters Local Union No. 404 of the United Association of Journeymen and Apprentices of the U.S. and Canada, AFL-CIO and employers in an industry affecting commerce, whose employees are represented by that Union, for the purpose of providing training benefits to employees. The JATC maintains its office and is administered by its Board of Trustees at 2002 Avenue J, Lubbock, Texas 79411.

9. **Defendant, C & E Mechanical, LLC,** is a limited liability company residing and doing business in Amarillo, Moore County, Texas and doing business within the jurisdiction of Plaintiffs' Funds.

**C & E Mechanical, LLC** is an employer within the contemplation of Sections 3(5) and 515 of ERISA [29 U.S.C. Sections 1002(5) and 1145] and may be reached for service of process by serving its Registered Agent, Ben Lowrance, 1502 S. Lipscomb, Amarillo, Texas 79102.

**FACTS**

10. On or about September 1, 2017, Defendant C & E Mechanical, LLC executed and delivered to Plumbers and Pipefitters Local Union No. 404 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO an Agreement to be bound by all provisions contained in current and subsequent approved labor agreements. The Letter of Assent provides, *inter alia* for the payment of employer contributions for employee benefits. It sets forth the obligations of Defendant to comply with the

established Plaintiffs' Trust Funds wherein Defendant promised to comply with the terms and conditions as set forth therein. The negotiated contract between the Plaintiffs' Trust Funds and Defendant provides for certain monetary contributions being paid into the Plaintiffs' Trust Funds and is more specifically set forth in the respective Declarations of Trust and all amendments thereto.

11. The Trust Funds named herein are express trusts created under Agreements and Declarations of Trust, together with various employers and other employer associations in the electrical working industry in Texas, as employer. The Trusts were created and now exist subject to the provisions of Section 302, LMRA (29 U.S.C. Section 186).

12. The Trust Fund Agreements provide for an audit to be made of the payroll and wage records of an employer in connection with the contributions and reports that are to be made by the employer at the discretion of the Trustees at any reasonable time.

By these agreements, Defendant promised that in the event any of the monthly contributions were not paid when due, Defendant would pay Plaintiffs, on account of each delinquency, interest at the rate of one percent per month and a sum not to exceed 20% of the principal employer contributions designated as liquidated damages, and not as a penalty.

13. That by the terms of the Trust Agreements for Plaintiff Trust Funds and the Collective Bargaining Agreement heretofore mentioned, Defendant became obligated to make payments on the employees covered by the Collective Bargaining Agreement in effect in the area in which it was operating or working by virtue of the agreements. That Defendant agreed to deposit welfare benefit and pension benefit contributions each month, or at such regular intervals as may be determined by the Trustees of the Trust Funds to the depository designated by the Trustees.

## FIRST COUNT

## ERISA VIOLATIONS AND BREACH OF CONTRACT

14. That Defendant breached its agreements with Plaintiffs by failing to make requisite payments of monthly employer contributions to Plaintiffs' Trust Funds; such breach is believed to have occurred beginning in or about June 2020 through the present.

15. Plaintiffs would further show that several demands have been made on Defendant to pay the deficient contributions and interest under the agreements referred to above, but the Defendant has wholly failed to make such payment and is additionally liable for continued delinquent employer contributions plus liquidated damages, interest, and attorney's fees, as hereinafter alleged.

16. That under the agreements and 29 U.S.C. Section 1132, Plaintiffs are additionally entitled to (a) interest at the rate of one percent (1%) per month of the principal deficient amount from the date the monies were due Plaintiffs, (b) liquidated damages in the amount not to exceed twenty percent (20%) of the aggregate of principal contributions due to the Health Benefit Fund, Training Fund, DC Plan, and JATC, and ten percent (10%) of the aggregate of principal contributions due to the National Pension Fund, and (c) accrued interest upon the date of payment to Plaintiffs.

17. Plaintiffs are authorized to collect, on behalf of the Local Union sponsoring each of the Taft-Hartley employee benefit plans, working assessments and supplemental dues.  These monetary amounts have been contracted for by and between Defendant and the Union and have accordingly been deducted from the employees' wages to be paid directly to the administrative manager of Plaintiffs' Trust Funds for distribution to the Union.  Defendant failed to make payments of working assessments and supplemental dues for the period June 2020 through the

present. On behalf of the Union, Plaintiffs request this Court to Order Defendant to pay the working assessments and supplemental dues as requested.

## SECOND COUNT

## CLAIM FOR INJUNCTIVE RELIEF

18. By failing, neglecting, or refusing to submit required contributions and reports to Plaintiffs, Defendant violated Section 515 of ERISA [29 U.S.C. Section 1145] as well as the employee welfare benefit funds' and employee pension benefit funds' Participation Agreement and Trust Agreements, which are enforceable under Section 502(a)(3) of ERISA [29 U.S.C. Section 1132(a)(3)].

19. Plaintiffs may be owed additional sums and cannot state with particularity the total amount of contributions due from June 1, 2020 going forward since Defendant failed to submit all reports upon which contributions are based, and Plaintiffs will be forced to project those employer contributions based upon sound accounting practices and general fiscal forecasting.

20. The Health Benefit Fund depends on receipt of current employer contributions and investment income thereon to meet its premium obligations under the Plan. The Health Benefit Fund expected and relied on receipt of contributions from the Defendant in undertaking financial commitments, including the obligation to pay benefits to Defendant's employees and their dependents and other Plan participants and dependents not working for the Defendant but working for other employers within the Plan. The loss of this expected income has caused the Health Benefit Fund irreparable harm in that it has used up reserves, foregone investment income, and otherwise suffered financial distress.

21. The Board of Trustees has been reluctant to cut off the benefits to Defendant's innocent employees who are Plan participants, and their dependents, in consideration of the

distress such action would cause them and their families. However, the Health Benefit Fund can no longer afford to continue providing benefit coverage to Defendant's employees and dependents without receipt of all due contributions and the Board of Trustees will be compelled to terminate benefits if the Court does not grant preliminary relief.

22. Defendant's actions have caused irreparable harm to its employees and their dependents in that, if the Board of Trustees is compelled to expel Defendant from participation in the Health Benefit Fund and/or withholds eligibility and benefits to Defendant's employees and their dependents, irreparable harm will result in that the employees and their dependents will immediately lose their benefits under the Health Benefit Plan.

23. Plaintiff National Pension Fund depends on receipt of current employer contributions in order to meet or exceed its actuarial valuations while investing such sums with money managers for the sole and exclusive benefit of the Plan's participants and beneficiaries. Without such contributions, the Plan suffers the loss of principal and accrued interest income that has a direct impact upon the soundness of the National Pension Fund. As a defined benefit plan, only strict compliance with the contribution requirements of the employers will enable the Plan to meet its actuarial assumptions to provide the plan participants and their beneficiaries with pension income relied upon over the years of faithful service. The loss of this expected income has caused, and will continue to cause, the National Pension Fund irreparable harm.

24. The plan participants of Plaintiff DC Plan depend upon receipt of current employer contributions in order to maintain their individual accounts for investment in the various investment options provided by the Trustees. Without the employer contributions, the plan participant will not receive all the potential investment income attributed to the hours worked by

the participant. The harm done to each affected plan participant may be incalculable based upon the market conditions and lost investment opportunity.

25. Plaintiffs Training Fund and JATC depend on receipt of current employer contributions in order to meet expenses for in-depth instruction provided for apprentice training and journeymen upgrading. Without such contributions, the training programs suffer loss of working capital to pay instructors, maintain training facilities, and purchase materials, which can have a devastating effect upon the ability to train apprentices and journeyman and may ultimately adversely affect the livelihoods of many families. The loss of this expected income has caused, and will continue to cause, the Training Fund and JATC irreparable harm.

26. There exist no prompt or adequate remedies at law to redress the violation of ERISA as set forth herein above.

27. It has been necessary for Plaintiffs to engage the law firm of Conner & Winters, LLP for the purpose of recovering the contributions and damages required by the above-referenced agreements and seeking injunctive relief, and Plaintiffs are entitled to actual attorney's fees in connection therewith. In conformity with Section 502(g)(2) of ERISA (as amended 1980 [29 U.S.C. Section 1132(g)(2)]) for the enforcement of ERISA Section 515 (29 U.S.C. Section 1145), the Court, in which the judgment in favor of the Trust Funds is rendered, shall award the unpaid contributions, interest, attorney's fees, liquidated damages, and costs of court and, in accord with the law, Plaintiffs seek and demand payment thereof.

28. Plaintiffs have performed all conditions precedent on their part to be performed under the terms of the aforementioned agreements.

29. A true and correct copy of this Original Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by law, ERISA Section 502(h), 29 U.S.C. Section 1132(h).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendant be cited, in terms of law, to appear and answer herein, and upon final hearing hereof, Plaintiffs have judgment of and against Defendant as follows:

a. Plaintiffs recover of and against Defendant, the full amount due and owing Plaintiff Trust Funds;

b. That Plaintiffs be awarded unpaid supplemental dues and working assessments on behalf of the agencies for which they are empowered to collect these sums;

c. That Plaintiffs be awarded aggregate accrued pre-judgment interest on all contributions at the rate of at least one percent (1%) per month in accordance with the terms of the Trust Funds and enforced under ERISA Section 502(g)(2);

d. That Plaintiffs be awarded liquidated damages on all employer contributions now due and which accrued during the pendency of this action in accordance with ERISA Section 502(g)(2) and the Trusts Agreements, in an amount not to exceed 20% of the contributions due for the Health Benefit Fund, Training Fund, DC Plan, and JATC, and 10% of the contributions due for the National Pension Fund;

e. That a preliminary injunction be ordered against Defendant requiring submission of all employer contributions and delinquent employer contributions now due to the Plaintiffs immediately;

f. That an Order permanently enjoining Defendant and its agents, directors, officers, owners, successors, and assigns, for so long as they remain obligated to contribute to Plaintiffs, from failing, refusing, or neglecting to submit monthly employer contribution payments and monthly reports in a timely manner;

g. That Plaintiffs be awarded reasonable attorney's fees in accordance with ERISA Section 502(g)(2);

h. That Plaintiffs be awarded all costs of Court incurred herein; and

i. That Plaintiffs be awarded such other and further relief as the Court deems just.

Respectfully submitted,

  /s/   Douglas M. Selwyn
Douglas M. Selwyn
State Bar No. 18022250
dselwyn@cwlaw.com
808 Travis Street, 23rd Floor
Houston, Texas 77002
Telephone: (713) 650-3850
Facsimile: (713) 650-3851

ATTORNEYS IN CHARGE FOR PLAINTIFFS

OF COUNSEL:
CONNER & WINTERS, LLP
808 Travis Street, 23rd Floor
Houston, Texas 77002